UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES AIR FORCE,<br><br>　　　　　　　　Defendant. | Civil Action No. 11-cv-00932 (BJR)<br><br>STANDING ORDER FOR CIVIL CASES |

　　　　This order summarizes the practice standards to be followed in civil cases assigned to this court.  These practice standards supplement the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Columbia.[1]  These practice standards shall apply to all pleadings and hearings pertaining to cases assigned to Judge Rothstein and shall have the force and effect of orders of the court from this date forward.  If the case was previously assigned to a different District Judge, these practice standards replace those that previously controlled, but only as to pleadings and hearings from this date forward.  Plaintiffs or parties removing the matter to this court are responsible for providing a copy of this order to all other parties.

　　　　**1.　　Communications with Chambers**

　　　　Except as provided for in this order, parties and counsel are discouraged from contacting chambers.  *Ex parte* communications with Judge Rothstein or her law clerks involving any matter other than scheduling or settlement are prohibited.  In relation to scheduling, unless the other parties have consented to have one party contact the court alone, all parties must be on the line when communicating with the court.

　　　　**2.　　Motions**

　　　　　　**A.　　Structure, Page Limitations, and Typeface**

　　　　A motion and the legal argument supporting the motion shall be filed as a single document.  **Pleadings shall not contain a table of cases or a table of authority**.

　　　　Except for Motions for Summary Judgment and Reconsideration, all other motions, oppositions, and objections shall not exceed **FIFTEEN (15) pages** (exclusive of the certificate of service).  Replies shall not exceed **TEN (10) pages**, unless otherwise noted.  Leave of court

---

[1] The Local Rules are available at http://www.dcd.uscourts.gov/dcd/rules-forms.

must be obtained to file a surreply.  If leave is obtained, surreplies shall not exceed **FIVE (5) pages**.

Motions to exceed the page limitations will be granted only where the matter is one of **extraordinary complexity**.

Motions, oppositions, objections, replies, and surreplies shall be double-spaced and filed in no less than 12-point font in the text and 10-point font in the footnotes.  The pleadings shall contain page numbers and have margins of no less than 1 inch.  Pleadings which do not comply with the court's page limitations or conventions will be summarily denied or stricken.

      B.      **Exhibits**

The court generally does not require courtesy copies of pleadings.  However, where a party's exhibits attached to a pleading exceed 100 pages, a courtesy copy of the exhibits shall be provided to chambers.  The exhibits shall be bound and tabbed.  All exhibits filed by the parties shall also be edited to exclude any irrelevant material.

In matters necessitating that an administrative record be filed with the court, parties must provide a courtesy copy of the record to chambers on a compact disc.  Chambers will not accept a physical copy of the record.

      C.      **Certification of Conferral**

Except for Motions for Summary Judgment, motions shall contain a certification that the parties have conferred in compliance with LCvR 7(m).  The certification should be clearly visible within either the first substantive paragraph or the final paragraph of the motion.  Parties must make a meaningful effort to confer prior to filing a motion.  For example, waiting until the expiration of a deadline and contacting the opposing party, receiving no immediate response, and then filing the motion does not satisfy that duty.  Parties should provide for at least three (3) business days between attempts to confer and a motion's filing and shall explain their specific efforts to comply if contact was not successfully made.  Motions which do not comply will be summarily denied.

      D.      **Motions for Extensions of Time**

Motions for extensions of time are discouraged and will be granted only where good cause is clearly evident.  Accordingly, parties should not expect the court to grant extensions even if they are unopposed, absent the necessary showing.  Press of business in other matters ordinarily does not evidence good cause. Motions for extensions of time must be filed prior to expiration of the relevant deadline.

Untimely motions or responsive pleadings may be summarily denied, stricken, or ignored.  Motions which have no filed opposition will be deemed unopposed.

E.      **Motions for Rescheduling Hearings**

Motions to Reschedule are discouraged because of their impact on the court's calendar. Such motions will rarely be permitted. If rescheduling is necessary, the motion shall be filed no later than **FIVE (5) business days** before the scheduled hearing. The motion shall contain alternative dates and times which are available for all parties. If the suggested dates and times are not available on the court's calendar, the court will select a date and time *sua sponte* and without input from the parties.

F.      **Motions *in Limine***

Motions *in Limine* are discouraged, particularly where the motion is evidence driven and cannot reasonably be resolved until evidence is presented at trial. In the rare occasion where Motions *in Limine* are necessary, they shall be filed and briefed prior to the Final Pretrial Conference. Unless otherwise noted, motions shall be filed within **THIRTY (30) days** of the Final Pretrial Conference. Oppositions shall be filed within **TWENTY-ONE (21) days** of the Final Pretrial Conference. Replies shall be filed within **FOURTEEN (14) days** of the Final Pretrial Conference. Where related, issues shall be combined in a single motion that complies with the court's page limitations. Replies shall not exceed **FIVE (5) pages.**

G.      ***Daubert* Motions**

Motions relating to limiting or excluding expert testimony shall be filed no later than the date set for the filing of dispositive motions.

H.      **Motions for Reconsideration**

Motions for Reconsideration are strongly discouraged. Motions which reassert prior arguments or raise new arguments that could have been made earlier will be summarily denied. Motions for Reconsideration and oppositions shall not exceed **TEN (10) pages** (excluding the certificate of service). Replies shall not exceed **FIVE (5) pages**.

I.      **Dispositive Motions**

A motion pursuant to Fed. R. Civ. P. 12(b) is discouraged if the defect can be cured by filing an amended pleading. **Therefore, the parties must meet and confer prior to the filing of a Motion to Dismiss to determine whether it can be avoided.** Consequently, Motions to Dismiss must contain a certification of conferral as set forth above. In addition, parties shall endeavor not to oppose timely Motions to Amend. Given the liberal rules related to pleading amendment, close calls should be adjudicated on dispositive motions.

A motion pursuant to Fed. R. Civ. P. 56 and oppositions shall not exceed **FORTY-FIVE (45) pages** (exclusive of the certificate of service). Replies shall not exceed **TWENTY-FIVE (25) pages**. If leave to file a surreply is given, it shall not exceed **TEN (10) pages**. A Motion

for Summary Judgment may be filed at any time during the case prior to expiration of the dispositive motions deadline.

### J. Hearings on Motions

Regardless of any party's request for oral argument, the court retains discretion to resolve the motion on the briefs. If the court finds that oral argument is necessary, the parties shall be limited to **TWENTY (20) minutes** per side plus **FIVE (5) minutes** for rebuttal unless otherwise ordered.

### 3. Discovery Disputes

No opposed discovery motions are to be filed with the court until the parties meaningfully comply with Fed. R. Civ. P. 37(a)(1) and LCvR 7(m). If the parties are unable to reach an agreement on a discovery issue after conferring, they shall arrange a telephone hearing with the court regarding the issue. Both of these steps must be completed before any opposed discovery motions are filed. Noncompliant motions will be summarily denied or stricken.

To arrange a telephone hearing, all counsel (not support staff) for the disputing parties shall contact chambers at **(202) 354-3330** on a single line. Counsel shall be prepared to summarize the dispute(s) at issue and, if Judge Rothstein is available, be ready to make their legal arguments. In the event that the hearing is set for a future date, counsel shall also have their calendars available. Counsel shall not contact the court until they have sufficiently narrowed the disputed issues to only those issues they cannot, without court assistance, resolve themselves. Because the court expects that the parties should contact it only as a last resort, counsel found to be unreasonably delaying discovery may be sanctioned.

Discovery disputes shall be raised in a timely manner so as to allow discovery to be completed within the discovery deadline. The failure to do so may waive a party's ability to challenge the discovery behavior.

In the event that the court permits the filing of an opposed discovery motion, the motion shall contain a verbatim recitation of the discovery request and objection (if any) at issue or shall attach a copy of such. Again, if the court must resolve the discovery dispute by motion, the losing party may be sanctioned.

Notice of these discovery procedures shall be provided to third parties who receive discovery requests from the parties. They, too, shall be expected to comply with these procedures.

Should the case be referred to a Magistrate Judge for discovery purposes, no opposed discovery motions shall be filed until the party has contacted the Magistrate Judge to be informed of his/her procedures for resolving discovery disputes.

### 4.    Rule 26(f) Conference and Joint Meet and Confer Report

Unless a matter is exempt from initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(B) and LCvR 16.3(b), the parties shall meet and confer to discuss case management issues in compliance with Fed. R. Civ. P. 26(f). The meet and confer requirement is triggered only when a Scheduling Conference has been set.[2] At the parties' Rule 26(f) conference, the parties must discuss the items set forth in LCvR 16.3(c).

Within **FOURTEEN (14) days** of the Rule 26(f) conference, parties shall file a Joint Meet and Confer Report which addresses items (1)-(14) of LCvR 16.3(c) and additional matters set forth below (in the order they are listed):

    a.     a summary of the case, including the basis for the court's jurisdiction and a list of claims and defenses;

    b.     whether the matter may be resolved on dispositive motions;

    c.     proposed pleading amendment deadline;

    d.     whether the parties consent to the jurisdiction of a Magistrate Judge;

    e.     whether the court should employ ADR options and, if so, at what stage of the litigation;

    f.     issues related to dispositive motions, if applicable, and a proposed deadline for their submission;

    g.     whether initial disclosures are necessary and a proposed deadline for their submission;

    h.     whether a protective order is necessary, a summary of the anticipated discovery, and proposed discovery limitations and deadlines for completion of discovery;

    i.     issues related to expert discovery, if applicable, and proposed deadlines for expert and rebuttal expert disclosures;

    j.     issues related to class actions, if applicable, and proposed deadlines for class-certification discovery;

---

[2] Generally, the Court will not set a Scheduling Conference (1) unless all parties file answers or (2) until after resolution of any dispositive motion filed in lieu of an answer.

    k.  whether trial should be bifurcated;

    l.  proposed date of the final pretrial conference;

    m.  the estimated number of days for trial (noting that the court's presumptive limit is five days), whether the trial will be to a jury or the court, and a proposed date for trial; and

    n.  any other matters that the parties believe would assist the court.

While the parties are admonished to reach an agreement on all issues, items of disagreement may be called to the court's attention in the report. In no event shall the parties file separate reports. In addition to filing the Joint Meet and Confer Report on the docket, the parties shall submit a non-pdf copy of their report to the court via email at bjr_dcdecf@dcd.uscourts.gov.

  In matters that are exempt from initial disclosures, the parties must nevertheless jointly prepare and submit a Joint Proposed Case Plan, indicating whether the matter may be resolved via dispositive motions or case briefs and proposing a schedule for the filing and of such motions or case briefs, oppositions, and replies. The case plan must also contain a statement regarding the possibility of settlement and propose a method to explore settlement. In these types of cases, the Joint Proposed Case Plan shall be filed on the docket and submitted to the court via email within **THIRTY (30) days** of the latest answer deadline, even if dispositive motions are pending.

  **5.**  **Rule 16(b) Conference and Scheduling Order**

  Unless a matter is referred to a Magistrate Judge for all pretrial purposes or is exempt from initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(B) and LCvR 16.3(b), Judge Rothstein will conduct a Fed. R. Civ. P. 16(b) conference with the parties after receipt of their Joint Meet and Confer Report. A Scheduling Order will be entered at the conference, or as soon as practicable thereafter.

  **6.**  **Settlement**

  The parties shall evaluate the opportunity for settlement at the outset of the case regardless of whether the parties' obligation to meet and confer has been triggered. *See supra* Part 4. To that end, the parties shall contact chambers to request mediation (with a Magistrate Judge, private mediator, or the court's mediation program), arbitration, or any other form of alternate dispute resolution where they are in agreement that such would be helpful. Although the court expects the parties to address settlement at the outset of the case, the parties have an ongoing obligation to explore possible settlement options. If the matter settles, in whole or in part, the parties shall promptly file a Notice of Settlement and advise the court how much time is needed to file dismissal papers.

7. **Joint Pretrial Statement and Final Pretrial Conference**

Generally, the court will set a Final Pretrial Conference and trial date in the Scheduling Order. If the court elects not to schedule the Final Pretrial Conference at the outset of the case, the Final Pretrial Conference will be set after expiration of the dispositive motions deadline or, if dispositive motions are filed, after resolution of such motions. On a date set by the court, the parties shall submit a Joint Pretrial Statement which addresses items (2), (5)-(9) set forth in LCvR 16.5(b) and additional matters set forth below (in the order they are listed):

    a.    a short, concise statement of the case;

    b.    any facts to which the parties can stipulate;

    c.    designation of depositions and objections thereto;

    d.    itemization of damages and a summary of other relief requested;

    e.    a summary of any pending motions *in limine* and the opposition thereto, if known;

    f.    a statement concerning whether settlement negotiations have been or would be beneficial;

    g.    an updated estimate of the length of trial;

    h.    a schedule of witnesses and a summary of their expected testimony and any objections thereto (attached as separate documents at the end); and

    i.    a list of exhibits and any objections thereto (attached as separate documents at the end).

While the parties are admonished to reach an agreement on all issues, items of disagreement may be called to the court's attention in the statement. In no event shall the parties file separate statements. Where possible, the court will resolve areas of disagreement at the Final Pretrial Conference. Otherwise, the court will direct the parties to submit further briefing. In addition to filing the Joint Pretrial Statement on the docket, the parties shall submit a non-pdf copy of their report to the court via email at bjr_dcdecf@dcd.uscourts.gov.

A Final Pretrial Order will be entered at the conference, or as soon as practicable thereafter. The Final Pretrial Order will set deadlines for the parties to submit proposed voir dire questions, jury instructions, and verdict forms. Other deadlines related to trial submissions will be set as needed.

8. **Courtroom Procedures**

Counsel with authority to make scheduling decisions shall appear on behalf of the parties at all court appearances.  Counsel and *pro se* parties shall observe traditional courtroom decorum, including that they shall rise to address the court and remain at the podium unless granted permission to approach the bench or a witness.  When not addressing a witness, counsel and *pro se* parties shall direct all statements to the court.

Parties needing certain technical equipment (e.g., projectors or video monitors) shall contact the court's Courtroom Technology Administrator, John Cramer, at **(202) 354-3019** no less than **FIVE (5) business days** in advance of the hearing.

**9.    Sanctions**

A failure by any party to fully comply with this order may result in the imposition of sanctions.

**IT IS SO ORDERED** this 6th day of December 2011.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE