**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JUDICIAL WATCH, INC.,** | |
| **Plaintiff,** | **Civil Action No. 11-cv-0932 (BJR)** |
| **v.** | **ORDER FOR SUPPLEMENTAL BRIEFING** |
| **UNITED STATES AIR FORCE,** | |
| **Defendant.** | |

This case concerns a request made under the Freedom of Information Act, 5 U.S.C § 552 ("FOIA") by plaintiff, Judicial Watch, Inc. (hereinafter "Judicial Watch"), to defendant, the United States Air Force (hereinafter "USAF" or "the USAF"). Before the court at this time are Judicial Watch's Motion for Partial Summary Judgment [dkt. #9] (hereinafter "*Pltf.'s Mot.*") and USAF's Cross-Motion for Summary Judgment [dkt. #12] (hereinafter "*Def.'s Mot.*"). In light of the current briefing, the court will defer ruling on Judicial Watch's motion, deny in part and defer ruling in part on USAF's motion, and seek supplemental briefing from the parties as outlined below.

## I.    RELEVANT FACTS

The following facts are undisputed and relevant to the issue at hand:

On April 14, 2011, Judicial Watch submitted a FOIA request to the USAF seeking the following:

> a)    Any and all records concerning or relating to the Air Force's processing of Judicial Watch, Inc.'s November 9, 2010 FOIA request, No. 2011-01181-F;

> b)    Any and all metadata for the Air Force's letter, purportedly dated January 11, 2011, responding to Judicial Watch's November 9, 2010 FOIA request, No. 2011-01181-F.

*Complaint* [dkt. #1] ¶ 5; *Defendant's Statement of Material Facts* [dkt. #12-2] (hereinafter "Def.'s SOF") ¶ 1.

The January 11, 2011 letter responding to Judicial Watch's November 9, 2010 FOIA request was initiated using a Microsoft Word template and finalized using Adobe Acrobat software. Def.'s SOF ¶ 6; *Plaintiff's Statement of Material Facts* [dkt. #14] (hereinafter "Pltf.'s SOF") ¶ 6. On February 15, 2011, USAF FOIA Disclosure Officer Theodore Martin e-mailed a copy of the January 11, 2011 letter to Judicial Watch at info@judicialwatch.org. An employee of Judicial Watch received the e-mail and opened the attached PDF file. Def.'s SOF ¶ 7; Pltf.'s SOF ¶ 7.

## II.     DISCUSSION

### A.     Judicial Watch's Request Seeking the Metadata for the November 9, 2010 Letter is Not Moot

In its Cross-Motion for Summary Judgment, USAF argues primarily that Judicial Watch's request for metadata in this case is moot, due to the inadvertent production of that letter to Judicial Watch as an Adobe PDF file attached to an e-mail.

Under FOIA, a suit is authorized against federal agencies only to remedy an agency's improper withholding of information. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); see also 5 U.S.C. § 552(a)(4)(B) & (f)(1). Once the requested records have been produced, there is no longer a case or controversy, and the FOIA action becomes moot. *West v. Spellings*, 539 F. Supp. 2d 55, 61 (D.D.C. 2008).

The parties agree that metadata has been "defined as 'information describing the history, tracking or management of an electronic document." *Pltf.'s Mot.* at 1; *Def.'s Mot.* at 6 (quoting *Wyeth v. Impax Labs., Inc.*, 248 F.R.D. 169, 171 (D. Del. 2006) (quoting *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 646 (D. Kan. 2005))). The parties also agree that

metadata is "automatically created by a computer when a document is created or altered," and that it includes such information as "time, date or author." *Pltf.'s Mot.* at 1; *Def.'s Mot.* at 6.

USAF argues that the PDF was the letter's "native" format, and, therefore, any metadata associated with the letter was already produced to Judicial Watch. Thus, the controversy is moot. *Def.'s Mot.* at 6. USAF explains that metadata inherent to a file "is embedded in the file it describes and moves with the file when it is moved or copied," and that the metadata is transmitted "with a copy of the record in its native format." *Id.* (quoting *Lake v. City of Phoenix*, 218 P.3d 1004, 1007-08 (Ariz. 2009)). USAF defines "native" format as meaning "that a file is in the format of the software application that was used by the author who created the file." *Declaration of Kerry Sisler* [dkt. #12-4] ¶ 11.

Judicial Watch argues that the earlier version of the letter that was composed in Microsoft Word constituted a separate document possessing its own unique metadata prior to being converted to a PDF and e-mailed to Judicial Watch, and claims that it is entitled to the metadata associated with that Microsoft Word document. *Plaintiff's Opposition to Defendant's Cross-Motion for Summary Judgment* [dkt. #14] at 5. USAF agrees that the Microsoft Word document is a separate document, but claims that it is, in fact, an entirely different document, and would have to be subject to an additional FOIA request, because only the Adobe PDF bearing Martin's electronic signature constitutes the "particular document" at issue. *Reply in Support of Defendant's Cross-Motion for Summary Judgment* [dkt. #16] (hereinafter "*Def.'s Reply*") at 5.

Turning to the language of the original FOIA request, this court construes "[a]ny and all metadata for the Air Force's letter" to encompass both the metadata embedded in the Adobe PDF file and that embedded in the Microsoft Word document file. The addition of Martin's digital signature did not alter the nature of the letter. Rather, it made the file version in which the letter

3

was written and the file version in which it was signed separate documents for the purpose of a

FOIA request for "any and all metadata" for that letter.  The Microsoft Word document would

carry its own unique metadata, and, if Judicial Watch is entitled to the metadata at all (an issue

yet to be decided), that metadata would be encompassed by the original request.  The production

of the Adobe PDF file does not moot the request.

> **B.**     **The Parties Must Submit Supplemental Briefing**

While USAF focuses its briefing on the mootness argument, it also makes clear that it

takes the position that metadata is not an "agency record" under FOIA, and argues that such an

interpretation is "overbroad," and "cannot be reconciled with either the Act's legislative history

or the D.C. Circuit's test for determining agency records." *Def.'s Mot.* at 2.  In its Reply, USAF

requests the opportunity to brief this position more fully should the court decide to reach the

issue. *Def.'s Reply* at1 n.1.  In light of the court's determination that the metadata request was

not rendered moot by the production of the Adobe PDF file of the January 11, 2011 letter, the

court grants this opportunity.

Therefore, it is, hereby,

**ORDERED** that USAF's Cross-Motion for Summary Judgment is **DENIED IN PART**,

to the extent that it claims the action is moot by virtue of Theodore Martin's e-mailing the PDF

file of the January 11, 2011 letter to Judicial Watch.  It is further, hereby,

**ORDERED** that USAF has fourteen (14) days from the issuance of this Order to

supplement its briefing on whether metadata constitutes an "agency record" under FOIA.  It is

further, hereby,

**ORDERED** that Judicial Watch shall have fourteen (14) days from USAF's filing its

supplemental briefing to file a response to that briefing.  Finally, it is, hereby,

**ORDERED** that USAF shall have seven (7) days from Judicial Watch's filing its response to file a reply.

**SO ORDERED.**

April 10, 2012

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE